EVALINA K. HOLLINS, Appellant, *v.* W. JENNINGS DEMOR-
EST *et al.*, Respondents.

*Court of Appeals, January,* 20, 1892.

*Deed. Reservation.*—A reservation in a deed of an alley-way to be kept open
for the passage of specified conveyances to certain lots retained by gran-
tor, is no restriction upon the right of the grantees to use the land above
or below the surface of the way as they may choose, provided only that
such use is not inconsistent with the way reserved to the grantor.

Appeal from judgment of the New York common pleas,
general term, affirming judgment of trial court in favor of
defendants.

*Charles Francis Stone*, for appellant.

*James R. Marvin*, for respondents.

ANDREWS, J.—The construction put by the courts below
on the deed poll, if justified, is a decisive answer to the
action.

The defendant Austin has title in fee to the way over
which the building erected by Demorest as lessee has been
constructed. The way laid out on the map filed with the
deed poll in 1836 extended from the south side of Seventeenth
street, in rear of lots 7, 6 and 5, but the fee of the land in-
cluded therein passed with the lots from which the way was
taken, to the several grantees. The owners of the respec-
tive lots held their titles to the way in subordination to the
purposes for which the way was laid out and dedicated.
They could do nothing to interfere with those purposes, but
there was no restriction upon their right to use the land above
or below the surface of the way as they might choose, pro-

vided only that such use was not inconsistent with the easement in the way reserved in the deed poll to the owners of the respective lots.

The deed poll states with great distinctness the purpose and intent of the way. It declares that "fifteen feet in width across the rear of the lots 1 and 2 on the said map shall be subject to the right of passage for horses, carriages and carts, for the private convenience of the owners of the lots 1, 2 and 3, on the said map, and their heirs and assigns, and their tenants respectively, actual occupants of the said lots, for a passage from the rear of said lots to and from Sixteenth street." It contains a similar provision in respect to the way from Seventeenth street in rear of the lots 7, 6 and 5. It is also declared that at the "entrance of each of the said ways respectively into the street, a proper and suitable gate, with lock and key, is to be kept and maintained and the passage kept open and in proper order and regulation at the joint expense of the owners and occupants, from time to time, of the lots entitled to use the said ways, each of whom shall be entitled to a key to the said gate for the purpose of opening and closing the same, as a private passage way for the use and purpose aforesaid and no other."

The deed poll was executed in contemplation of a sale of lots on the block to which it related between Sixteenth and Seventeenth streets, for residence purposes. The deed poll contains careful restrictions as to the use of the lots, so as to prevent their occupation for any noisome trade or business. The instrument shows that it was contemplated that the purchasers of the lots on Fifth avenue might desire to erect private stables in rear of their lots, and the reservation of the ways was designed to afford access from the street to the stables and to the rear of the lots. The structure erected by Demorest does not interfere with this use of the way for the purposes expressed in the deed poll, namely, for the passage of horses, carriages and carts to and from Seventeenth street. It is claimed that the clause in the deed poll

that the passage was to be "kept open," can only be satisfied by permitting it to remain open to the sky, and that light and air for the benefit of the several lots was one of the objects intended by the reservation of the passage ways. But the deed poll makes no reference to this purpose.

It does not reserve an open way for general use, but expressly limits and defines the uses for which the ways are intended, and to which they were to be appropriated. They were to be open ways " for the use and purpose aforesaid, and no other." The practical construction of the deed poll by the plaintiff and his grantor, who owns the lot opposite the end of the way, is adverse to the claim now made that one of the objects of the way was to furnish light and air to the adjacent premises. The way in rear of lot 5 owned by the plaintiff has been closed and a building erected thereon, completely excluding access to that part of the way, and preventing light and air from passing over the same to the other lots.

The way in rear of the defendant's lot is not closed, but over it, fourteen feet above the surface, a building has been erected, supported by two iron posts set on the easterly edge of the way, but leaving a clear space for the way, exceeding fifteen feet in width. It is not claimed that the structure of the defendant interferes with the access to the plaintiff's lot from Seventeenth street for "horses, carriages and carts," through and along the way.

The lots on Fifth avenue have become business property. No stables have been erected on the lots adjacent to the way. The purpose of the deed polls is fully satisfied by the way in rear of the defendant's lot as it now exists. We concur in the view of the courts below that the deed poll did not restrict the owner of lot 7 from building over the way.

The judgment should, therefore, be affirmed.

Judgment affirmed, with costs.

All concur ; PECKHAM, J., in result.